**G. Carmen HERRERA, Plaintiff,**

v.

**SPERRY CORPORATION, Travelers Insurance Company, Second Injury Fund, and Industrial Commission of Utah, Defendants.**

No. 860062.

Supreme Court of Utah.

March 17, 1987.

Denton M. Hatch, Wesley M. Lang, Salt Lake City, for plaintiff.

Erie V. Boorman, Salt Lake City, for Second Injury Fund.

Thomas Kay, Steven J. Aeschbacher, Salt Lake City, for Sperry Corp. and Travelers Ins. Co.

Steven M. Hadley, Salt Lake City, for Indus. Com'n.

MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

This case is an appeal from an Industrial Commission ruling that an injury suffered by G. Carmen Herrera was not a compensable accident. We reverse.

Herrera was performing one of her normal daily tasks of lifting a computer from floor level up to a conveyor belt when she felt a snap and a tingling pain in her lower back. As a result of this injury, Herrera was unable to work for several months.

She applied for compensation under section 35-1-45 of the Code, U.C.A., 1953, § 35-1-45 (1974 ed., Supp.1986), which states: "Every employee ... who is injured ... by accident arising out of or in the course of his employment ... shall be paid ... compensation...."

The Industrial Commission of Utah ruled that the injury was not an "accident" because Herrera suffered her injury while performing her usual daily tasks in the usual manner. Herrera appeals the decision of the Industrial Commission. She contends that unexpected injuries incurred while performing one's usual duties are compensable "accidents" if there is a causal connection between the injury and the worker's employment duties.

After this appeal was argued, we decided *Allen v. Industrial Commission*, 729 P.2d 15 (Utah 1986). There, we held that "an accident is an unexpected or unintended occurrence that may be *either* the cause *or* the result of an injury." *Id.* at 22 (emphasis in original). Under this definition, Herrera's injury was an "accident." Whether she is entitled to compensation depends on her satisfying the other elements set out in *Allen*. We reverse and remand for further consideration in light of *Allen*.

HALL, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.